Opinion issued February 23, 2012.



 

 

 

 

 

              

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-11-01051-CR

____________

 

RICHARD CURTIS ROCHESTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 1318209

 

 



MEMORANDUM
OPINION








              Appellant,
Richard Curtis Rochester, attempts to appeal his October 12, 2011 conviction
for injury to a child.  Under Texas Rule
of Appellate Procedure 26.2(a), a notice of appeal was due on or before November
11, 2011.  See Tex. R. App. P.
26.2(a).  Appellant filed his notice of
appeal on November 23, 2011.[1]

              A
notice of appeal that complies with the requirements of Rule 26 is essential to
vest this court with jurisdiction.  See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).  The court of
criminal appeals has expressly held that without a timely filed notice of
appeal or motion for extension of time we cannot exercise jurisdiction over an
appeal.  See Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996); see
also Slaton, 981 S.W.2d at 210.

Because the notice of appeal in this case was untimely, we have no basis
for jurisdiction over this appeal.  Accordingly, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P.
43.2(f); Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.  We dismiss all pending motions as
moot.

PER CURIAM

Panel consists of Chief Justice
Radack and Justices Higley and Brown. 

Do not publish.   Tex.
R. App. P. 47.2(b).











[1]
Appellant’s motion to withdraw plea of guilty, which was filed in conjunction
with his notice of appeal, is dated November 16, 2011, and the envelope in
which the filings were mailed reflects a date of November 18, 2011.  Nevertheless, even if the notice of appeal is
considered filed on November 16, 2011, the notice was untimely.  See
Tex. R. App. P. 9.2(b), 26.2(a).